FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 OCT 21  AM 10: 21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

KRISTI HUFFMAN, individually and on )
behalf of all others similarly situated )
                                )
        Plaintiff             )
                                )
v.                             )    No. 3:15-cv-1252-J-32MCR
                                )
NATIONSTAR MORTGAGE HOLDINGS, INC. )
                                )
        Defendant.         )    **Jury Demanded**

## COMPLAINT - CLASS ACTION

Now comes Plaintiff, Kristi Huffman, individually and on behalf of all others similarly situated, and for her Complaint alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") for violation by the Defendant, Nationstar Mortgage Holdings, Inc. ("Nationstar").

2.     "Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 et seq. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012)(internal citations omitted).   In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint

1

alleging violations of the TCPA.

3.      Defendant has caused Plaintiff and the putative class actual harm, not only because they were subjected to the aggravation that necessarily accompanies these messages, but also because plaintiff and the putative class have to pay their cell phone service providers for the use of their cellular telephones and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (amount in controversy), 47 U.S.C. § 227 (TCPA).

5.      Venue in this District is proper because the acts and transactions occurred here; Plaintiff resides here, and Nationstar transacts business here.

## PARTIES

6.      Plaintiff Kristi Huffman ("Huffman") is, and at all times mentioned herein was, an individual citizen of the State of Florida, who resides in Southern District of Florida.

7.      Nationstar advertises itself as "a leading residential mortgage services company." According to Nationstar, it has become one of the largest and fastest growing mortgage servicers in the United States. Nationstar is headquartered in Dallas, Texas and has a servicing portfolio in excess of $400 billion and more than 2.4 million customers. *See* http://nationstarholdings.com/

## THE TCPA

8.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices - for example, computerized calls to private homes. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. *See, Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.     Accordingly, the TCPA regulates, among other things, the use of prerecorded messages and use of automated telephone equipment, or "autodialers". Specifically, the plain language of § 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11.     "Automatic telephone dialing system" ("ATDS") means any equipment that has the "*capacity* to dial numbers without human intervention." *See, Griffith v. Consumer Portfolio Serv.*, 838 F. Supp. 2d 723, (N.D. Ill. 2011).

3

12.     Florida law prohibits contacting a consumer who is represented by

counsel.:

> The In collecting consumer debts, no person shall. . . communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

Fla. Stat. § 559.72(18).

### FACTUAL BACKGROUND

13.     At all times relevant, Huffman was an individual residing in the State of

Florida. Huffman is, and at all times mentioned herein was, a "person" as defined by 47

U.S.C. §153(10).

14.     At all times relevant, Nationstar is and was the mortgage servicing company

servicing Plaintiff's residential mortgage ("Mortgage Account").

15.     In November 2014, Plaintiff became the subject of a foreclosure action in

the Fourth Judicial Circuit Court in Duval County, Florida, styled *U.S. Bank National

Association v. Kristi L. Huffman, et al.,* Case. No. 2014-CA-008198; relating to the

mortgage which Nationstar was servicing ("Foreclosure Action").

16.     The foreclosure complaint is verified under oath by Nationstar as servicer.

17.     On February 12, 2015, Notice was filed in the Foreclosure Action that

Plaintiff was represented by an attorney.

18.     On May 12, 2015 a Joint Stipulation of Consent to Judgment was filed in the

Foreclosure Action, wherein Huffman consented to a judgment and the foreclosure and

4

her Lender, US Bank, relinquished any right to seek a deficiency balance from Huffman ("Consent Judgment without Deficiency").

19.     At all times relevant herein, on or after February 12, 2015, Nationstar knew that Plaintiff was represented by an attorney with respect to the Mortgage Account as it was the servicer of the mortgage at issue.

20.     After February 12, 2015 Nationstar placed repeated phone calls to Huffman's cellular telephone in an attempt to collect an alleged debt relating to the Mortgage Account.

21.     At all times relevant herein, on or after May 12, 2015, Nationstar knew that Plaintiff's interests and obligations relating to the Mortgage Account was discharged through the Foreclosure Action.

22.     Plaintiff has repeatedly notified and reminded Nationstar of the status of the account and requested that they cease all further communication with her regarding the Mortgage Account.

23.     Huffman repeatedly notified Nationstar that she was represented by an attorney with regards to the Mortgage Account.

24.     Nationstar continued to call Huffman on her cellular telephone after Huffman notified Nationstar that she was represented by an attorney with regards to the Mortgage Account.

25.     For example, Nationstar called on June 11, 2015. June 12, 2015 and Jun 17, 2015.   On June 11, 2015, Plaintiff spoke to "Craig" who told her that it did not matter if she had a lawyer.

All of the calls which Nationstar placed to Huffman's cellular telephone number were placed using an ATDS and Plaintiff will testify that there was a pause before a live person came on the line.

26.     Nationstar did not have consent to call Huffman on her cellular telephone, and any consent which Defendant may have had was revoked.

## COUNT I: VIOLATION OF THE TCPA

27.     Plaintiff restates each of the allegations in all other paragraphs as if full stated herein.

28.     This claim is for violation of the TCPA by Nationstar.

29.     The telephone calls from Nationstar to Huffman's cellular telephone number were made using an ATDS, as defined by 47 U.S.C. § 227 (a)(1). The ATDS had the capacity to store or produce numbers randomly or sequentially, and to dial such numbers, and to place telephone calls to Plaintiff's cellular telephone.

30.     Over the course of the putative class period, Nationstar and its agents directed the mass transmission of pre-recorded messages to cellular telephones of Florida residents even though Nationstar is prohibited by Florida law from contacting them after notice the consumers are represented by an attorney.

31.     The telephone number that Nationstar, or its agents, placed the calls to were assigned to cellular telephone pursuant to 47 U.S.C. § 227(b)(1).

32.     Nationstar made unsolicited telephone calls to the cellular telephone number of Plaintiff and the other members of the putative class using equipment that had the capacity to store or produce telephone numbers to be called, using a random or

sequential number generator.

33.    These phone calls were made without the prior express consent of Huffman or the members of the putative class, or were made after any such consent had been revoked.

34.    Nationstar has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... " As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

35.    Huffman and class members are also entitled to, and do, seek injunctive relief prohibiting Defendants' violations of the TCPA in the future.

## CLASS ALLEGATIONS

36.    Plaintiff Huffman, individually and on behalf of all other similarly situated, brings, the above claim on behalf of a Class.

The TCPA Class consists of:

(i) all persons in the State of Florida (ii) who were the subject of Defendant's debt collection activities (iii) in regard to their residential property located in Florida (iv) and represented by counsel with respect to said debt (v) according to Defendant's business records (vi) yet continued to receive prerecorded or auto-dialed calls on their cellular telephone (vii) over the last four years.

37.    Huffman represents and is a member of the Class. Excluded from the Class are Nationstar and any entities in which Defendant has a controlling interest, Defendant's

agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

38. Huffman does not know the exact number of members in the Class, but based upon the size and national scope of Nationstar's business, along with the nature of the calls to Huffman, plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

39. Huffman and all members of the class have been harmed by the acts of Nationstar.

40. This Class Action Complaint seeks money damages and injunctive relief.

41. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Huffman.

42. There are questions of law and fact common to the members of the class and sub-class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

a. Whether Nationstar engaged in a pattern of using automated equipment or pre-recorded voices to place calls to cellular telephones;

b. Whether Nationstar violated the TCPA;

c. Whether Nationstar ignored notices of consumer's attorney

representation and/or cease communications and instead kept calling those consumers;

    d.    Whether the Consent Judgement without Deficiency revoked consent for any calls placed to cellular phone numbers;

43.    As a person who received numerous and repeated telephone calls using an ATDS, without her prior express consent within the meaning of the TCPA, and after notice of attorney representation was provided, Plaintiff asserts claims that are typical of the members of the class member. Huffman will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class or sub-classes.

44.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

45.    A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Nationstar to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are   small and the TCPA is not fee shifting. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

46.    Nationstar has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the

9

class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff, and the Class, and the Sub-classes and against Nationstar for:

A.      willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

B.      Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C.      An award of attorneys' fees and costs to counsel for Plaintiff, and the Class;

D.      Such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff, Kristi Huffman, individually and on behalf of all others similarly situated, demands trial by jury.

Dated:   October 20, 2015

Kristi Huffman, individually and on behalf of all others similarly situated,

By:_____
Max Story, Esq.
Florida Bar 0527238
328 2nd Avenue, North
Jacksonville Beach, Florida 32250
(904)372-4109 telephone
(904)758-5333 facsimile
max@storylawgroup.com

*Pro Hac* To Be Sought
Keith J. Keogh          (Ill. Bar No. 6257811)
Amy L. Wells            (Ill. Bar No. 6316452)
Keogh Law, Ltd.
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
(312) 726-1092
(312) 726-1093 (fax)
Keith@KeoghLaw.com
AWells@Keoghlaw.com